```
                UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

DAVID ALLEN MOORE,            )
                              )
        Plaintiff,             )
                              )
        v.                     )       NO.  3:06-0712
                              )
FOOD LION,                    )       Judge Echols/Bryant
                              )       **Jury Demand**
        Defendant.             )

**TO: The Honorable Robert L. Echols**

### REPORT AND RECOMMENDATION

By order of July 24, 2006 (Docket Entry No. 2), this pro se civil action was referred to the Magistrate Judge for pretrial proceedings under Rule 72, Federal Rules of Civil Procedure. This case was reassigned by Magistrate Judge Brown to the undersigned on August 7, 2006 (Docket Entry No. 2).

Pending before the Court is Defendant's Motion to Dismiss (Docket Entry No. 7) and plaintiff's response in opposition (Docket Entry No. 10).

For the reasons stated below, the undersigned **RECOMMENDS** that defendant's motion be **DENIED** in part and **GRANTED** in part.

Plaintiff David Allen Moore has filed his pro se complaint under Title VII of the Civil Rights Act of 1964 alleging employment discrimination by defendant Food Lion based on plaintiff's race, color and sex, and retaliation against plaintiff for having filed a charge of discrimination.

Defendant has filed its motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure.

**The allegations of the complaint**. Plaintiff's complaint and the attached charge of discrimination allege that plaintiff was employed as a stocker by defendant Food Lion on March 18, 2005 and discharged on August 9, 2005. Plaintiff alleges that Food Lion failed to promote him, denied him fair wages and full-time hours offered to others, reassigned him to undesirable stores and jobs, harassed him and discharged him because of unlawful discrimination based upon his race, color and sex. Plaintiff's complaint also alleges that Food Lion "retaliated against plaintiff for having filed a charge of discrimination." Plaintiff's "Charge of Discrimination" filed with the Tennessee Human Rights Commission ("THRC") is dated August 9, 2005, and his "right-to-sue" letter from the Equal Employment Opportunity Commission ("EEOC") is dated May 17, 2006.[1] Plaintiff's complaint in this action was filed on July 24, 2006.

---

[1] As defendant's memorandum points out, paragraph 7 of the complaint inexplicably states that Plaintiff received the EEOC "right-to-sue" letter on March 19, 2006. Based on the mailing date of May 17, 2006, the undersigned strongly suspects that plaintiff received this letter on May 19, 2006.

2

**Defendant's Motion**

**Rule 12(b)(6)**.  In its motion, defendant Food Lion asserts that the complaint fails to state a claim upon which relief can be granted for two reasons.  First, defendant argues that plaintiff's claims are barred by the statute of limitations in 42 U.S.C. § 2000e-16(c) because he failed to file this action within 90 days of receiving the EEOC "right-to-sue" letter.  As previously mentioned, the complaint at paragraph 7 alleges that plaintiff received the "right-to-sue" letter on March 19, 2006.  If this date is accurate, the complaint is time-barred because it was not filed until July 24, 2006, more than 90 days after receipt of the EEOC letter.  However, the EEOC letter, attached to the complaint, states that it was mailed on May 17, 2006.  Given that the plaintiff would not have received the letter almost two months before it was mailed, the undersigned concludes that the receipt date of March 19, 2006, in paragraph 7 of the complaint is probably erroneous, and that the correct receipt date likely was May 19, 2006.  If this conclusion is correct, the complaint was timely filed.

Second, defendant argues that plaintiff's retaliation claim fails to state a claim because the complaint and the attached "charge of discrimination" show that plaintiff first made this charge of discrimination on August 9, 2005, after his employment with Food Lion had been terminated.  Therefore, Food Lion could not

3

have retaliated against him if the act prompting retaliation did not occur until after his employment had ended.

Title 42, section 2000e-3(a) makes it unlawful for an employer to discriminate against an employee "because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." This provision clearly would include plaintiff's discrimination charge to the THRC. In addition, however, this statutory provision makes it unlawful for an employer to discriminate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). Courts have held that "opposition" to any unlawful employment practice, as a basis for a retaliation claim, should be construed broadly, and is not limited to making a formal charge of discrimination to the EEOC. See EEOC v. Ohio Edison Co., 7 F.3d 541, 545-46 (6th Cir. 1993); Croushorn v. Board of Trustees of Univ. of Tennessee, 518 F.Supp. 9, 25 (M.D. Tenn. 1980).

In this case, it is unclear whether plaintiff's retaliation claim is based upon his August 9, 2005 charge of discrimination or, alternatively, some act of "opposition" that occurred earlier during his employment at Food Lion. If his retaliation claim rests on his August 9 charge of discrimination, it is time-barred. If the evidence supports an earlier act of "opposition" to unlawful employment practices, plaintiff may be

4

able to state a claim for retaliation. In ruling on a motion to dismiss under Rule 12(b)(6), the Court is required to accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff. Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995). Therefore, the undersigned is unable to find that plaintiff's retaliation claim fails to state a claim. Disposition of that claim must depend on evidence developed in discovery.

**Rule 12(b)(1)**. Defendant argues that the court lacks subject matter jurisdiction over plaintiff's color and sex discrimination claims because he never raised those claims before the EEOC and, therefore, has failed to exhaust his administrative remedies. In his formal charge of discrimination to the THRC, attached to the complaint, plaintiff checked only the "race" box, and did not indicate "color" or "sex" as a basis for discrimination by Food Lion. "It is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge." Strouss v. Michigan Dep't of Corrections, 250 F.3d 336, 342 (6th Cir. 2002). In order for federal courts to have subject matter jurisdiction of over Title VII claims, the claimant must first unsuccessfully pursue administrative relief. Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). Failure to check the "color" or "sex" box, or otherwise assert a claim of

5

discrimination based on color or sex, deprives this Court of subject matter jurisdiction over these claims. See <u>Ang v. Procter & Gamble Co.</u>, 932 F.2d 540, 545 (6th Cir. 1991). The undersigned finds that plaintiff's claims of discrimination based on color and sex should be dismissed.

## RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss (Docket Entry No. 7) be **DENIED** in part and **GRANTED** in part. Specifically, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) based upon the statute of limitations and upon plaintiff's failure to state a claim for retaliation be **DENIED**, and that Defendant's Motion to Dismiss claims of discrimination based on color or sex for lack of subject matter jurisdiction be **GRANTED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>,

474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

**ENTERED** this 19th day of January, 2007.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge
