UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID ALLEN MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:06-0712 |
| | ) Judge Echols |
| FOOD LION, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This matter is before the Court on a Report and Recommendation ("R&R")(Docket Entry No. 11) issued by the Magistrate Judge and filings related thereto. After the R&R was entered, Plaintiff filed a "Notice of Filling [sic] response to Undersign [sic]" (Docket Entry No. 13). Thereafter, Defendant filed its "Appeal of Report and Recommendation Denying Defendant's Motion to Dismiss" (Docket Entry No. 15). Both of those filings will be construed as Objections to the R&R as provided for in Local Magistrate Rule (9)(b).

When a party makes timely objections to a R&R, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written,

1

as the District Judge may desire." L.R.M.J. 9(b)(3).  See also, Fed.R.Civ.P. 72(a).

This is an employment discrimination action filed by Plaintiff pro se.  In his Complaint, Plaintiff alleged that Defendant failed to promote him, denied him fair wages and full-time hours, reassigned him to undesirable stores, and harassed him and discharged him because of unlawful discrimination based upon his race, color, and sex.  Plaintiff also alleged that Defendant retaliated against him for having filed a charge of discrimination.

However, in his Charge of Discrimination with the Tennessee Human Rights Commission ("THRC"), Plaintiff only checked the box marked "race" and the body of the Charge specifically states that he believes he had been "discriminated against because of [his] race, African American."  Analyzing the Complaint in light of the THRC Charge, the Magistrate Judge concluded that Plaintiff failed to allege "color" or "sex" as a basis for discrimination and, therefore, the court would not have subject matter jurisdiction over those claims.  The Magistrate Judge further concluded that based, on the present record, the retaliation claim was not subject to dismissal, prompting Defendant to file its Objection.

Plaintiff's objection to the R&R does not address the legal analysis which formed the basis for the Magistrate Judge's recommended dismissal of the color and sex discrimination claims.

2

Instead, Plaintiff rehashes his allegations of alleged discriminatory conduct.

The issue before the Court is whether the Complaint, construed in a light most favorable to the Plaintiff, is subject to dismissal in regard to the color discrimination and sex discrimination allegations. As the Magistrate Judge correctly observed, "'[i]t is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge.'" (Docket Entry No. 11 at 4, quoting, Strouss v. Michigan Dep't. of Corrections, 250 F.3d 336, 342 (6th Cir. 2002).

In this case, Plaintiff's basis for his claim of discrimination was set forth clearly in the charge – race discrimination, i.e. Plaintiff was discriminated against because he is African American. A claim of sex discrimination would not be expected to reasonably grow out of such an allegation. See, Young v. City of Houston, 906 F.2d 177, 179-180 (5th Cir. 1990)(sex discrimination charge could not reasonably be expected to grow out of race and age discrimination); cf., Reynolds v. Solectron Global Serv., 358 F.Supp.2d 688, 691-692 (W.D. Tenn. 2005)(race and color discrimination charge cannot reasonably be expected to grow out of sex discrimination charge). Likewise, color discrimination is distinct from race discrimination in that the former "arises when

3

the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African-American individual is discriminated against in favor of a light-colored African-American individual." Bryan v. Bell Atlantic Maryland, Inc., 298 F.3d 124, 133 n.5 (4th Cir. 2002); see also, Moore v. Dolgencorp, Inc., 2006 WL 2701058 at *3 (E.D. Mich. 2006)("The court will not expand Plaintiff's race discrimination claim to include these additional claims of sex and color discrimination, which plaintiff did not pursue in her EEOC action."). Hence, the Magistrate Judge did not err in recommending dismissal of the sex and color discrimination claims.

Plaintiff's claim of retaliation, (the recommended non-dismissal of which forms the basis for Defendant's objection), stands on different footing. As the Sixth Circuit has observed, "retaliation naturally grows out of an underlying substantive discrimination charge, making a retaliation claim foreseeable to [the] defendants." Tisdale v. Federal Express Corp., 415 F.3d 516, 528 (6th Cir. 2005). Hence, in Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 832 (6th Cir. 1999), the Sixth Circuit held the trial court erred in refusing to consider a retaliation claim where the box for retaliation was not checked on the EEOC charge but where the claimant related facts to the EEOC which would have prompted an investigation into retaliation.

4

In this case, while Plaintiff cannot pursue a claim of retaliation insofar as it may be based on the filing of his Charge with the THRC since that filing occurred after his discharge from employment, he may be able to pursue a retaliation charge insofar as he complained about illegal discrimination while employed by Defendant and those circumstances were relayed to the THRC. In fact, a fair reading of Plaintiff's Complaint suggests he is alleging he was fired after complaining to Human Resources about alleged race discrimination. (Docket Entry No. 1 at ¶ 9).

It may very well be that discovery will show that Plaintiff has not exhausted his remedies with respect to a claim for retaliation. However, that is a determination which the Court cannot make at this juncture.

Accordingly, the Court rules as follows:

(1) The Report and Recommendation (Docket Entry No. 11) is hereby ACCEPTED and APPROVED;

(2) Plaintiff's "Notice of Filling [sic] response to Undersign [sic]" (Docket Entry No. 13), construed as an objection to the Report and Recommendation, is hereby OVERRULED;

(3) Defendant's "Appeal of Report and Recommendation Denying Defendant's Motion to Dismiss" (Docket Entry No. 15), construed as an Objection to the Report and Recommendation, is hereby OVERRULED;

(4) Defendant's Motion to Dismiss (Docket Entry No. 7) is hereby GRANTED IN PART and DENIED in part, as follows:

5

(a) Defendant's Motion to Dismiss Plaintiff's claims of color and sex discrimination is hereby GRANTED and those claims are hereby DISMISSED WITH PREJUDICE; and

(b) Defendant's Motion to Dismiss Plaintiff's retaliation claim is hereby DENIED.

This case is hereby returned to the Magistrate Judge to immediately schedule a status conference for the purpose of setting a trial date, a final pretrial conference date, and deadlines for pretrial discovery, as well as monitoring and managing the progress of discovery to ensure the case proceeds in accordance with the said deadlines. The Magistrate Judge is directed to coordinate the setting of a trial date with Judge Echols' Courtroom Deputy.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE